Robert J. Feinstein (Admitted *Pro Hac Vice*)
Jeffrey W. Dulberg (CA SBN 181200)
Andrew W. Caine (CA SBN 110345)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   rfeinstein@pszjlaw.com
          jdulberg@pszjlaw.com
          acaine@pszjlaw.com

*Attorneys for Plaintiff,*
*Official Committee of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>FREEDOM COMMUNICATIONS, INC., a Delaware corporation, et al.,[1]<br><br>　　　　　Debtors and<br>　　　　　Debtors-in-Possession.<br><br>Affects:<br><br>☒　　All Debtors | Case Nos.: 8:15-bk-15311-MW<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:15-bk-15312-MW; 8:15-bk-15313-MW; 8:15-bk-15315-MW; 8:15-bk-15316-MW; 8:15-bk-15317-MW; 8:15-bk-15318-MW; 8:15-bk-15319-MW; 8:15-bk-15320-MW; 8:15-bk-15321-MW; 8:15-bk-15322-MW; 8:15-bk-15323-MW; 8:15-bk-15324-MW; 8:15-bk-15325-MW; 8:15-bk-15326-MW; 8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-15329-MW; 8:15-bk-15330-MW; 8:15-bk-15332-MW; 8-15-bk-15337-MW; 8:15-bk-15339-MW; 8-15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-15343-MW) |

---

[1] The last four digits of the Debtors' federal tax identification numbers are as follows: Freedom Communications, Inc. (0750); Freedom Communications Holdings, Inc. (2814); Freedom Services, Inc. (3125); 2100 Freedom, Inc. (7300); OCR Community Publications, Inc. (9752); Daily Press, LLC (3610); Freedom California Mary Publishing, Inc. (4121); Freedom California Ville Publishing Company LP (7735); Freedom Colorado Information, Inc. (7806); Freedom Interactive Newspapers, Inc. (9343); Freedom Interactive Newspapers of Texas, Inc. (8187); Freedom Newspaper Acquisitions, Inc. (4322); Freedom Newspapers (7766); Freedom Newspapers, Inc. (3240); Freedom Newspapers of Southwestern Arizona, Inc. (5797); OCR Information Marketing, Inc. (7983); Odessa American (7714); Orange County Register Communications, Inc. (7980); Victor Valley Publishing Company (6082); Victorville Publishing Company (7617); Freedom SPV II, LLC (8253); Freedom SPV VI, LLC (8434); Freedom SPV I, LLC (3293); Freedom SPV IV, LLC (8500); and Freedom SPV V, LLC (9036). The Debtors' mailing address is 625 N. Grand Avenue, Santa Ana, California 92701.

DOCS_LA:310021.1 29266/002

| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>                Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>                Defendant. | Adv. Proc. No. _____<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550** |

Plaintiff, the Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of Freedom Communications, Inc. and its affiliated debtors (the "Plaintiff"), for its *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* (the "Complaint") against Microsoft Corporation (the "Defendant"), alleges as follows:

### Nature of the Action

1.    Plaintiff brings this action against the Defendant to avoid and recover certain preferential transfers that occurred during the 90-day period prior to commencement of the Debtors' bankruptcy cases.

### Jurisdiction and Venue

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 363(b), 1103(c) and 1107 (a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019(a).

3.    This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code.

### The Parties and Case Background

4.    On November 1, 2015 (the "Petition Date") and November 2, 2015, the Debtors filed for voluntary relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and commenced the Chapter 11 Cases jointly administered as *In re Freedom Communications, Inc.,*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*et al.*, No. 8:15-bk-15311-MW (the "Bankruptcy Court"). No trustee or examiner has been appointed in these cases.

5. On November 10, 2015, the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

6. Upon information and belief, the Defendant is a corporation formed under the laws of the State of Washington that maintains its principal place of business at One Microsoft Way, Redmond, Washington.

7. Pursuant to the Court's October 6, 2017 *Order Re Stipulation Authorizing the Official Committee of Unsecured Creditors to Commence, Prosecute and Settle Avoidance Actions on Behalf of the Debtors' Estates Pursuant to 11 U.S.C. § 547*, the Committee has authority to prosecute and settle avoidance actions on behalf of the Debtors' estates.

## Facts

8. Prior to a sale of their business in these cases, the Debtors were in the entertainment and media business and were headquartered in Santa Ana, California. The Debtors' media portfolio included daily and weekly newspapers, magazines and other specialty publications. The Orange County Register was the Debtors' flagship publication. The Debtors also owned real property located in Santa Ana and Riverside, California.

9. Prior to the Petition Date, the Debtors maintained a centralized cash management system which the Debtors through Freedom Services, Inc. made certain payments to Defendant for Outlook Email provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on Exhibit A attached hereto.

10. During the ninety days prior to the Petition Date, the Debtors made payments to or for the benefit of the Defendant, including those identified on Exhibit A attached hereto (collectively, the "Transfers"). Exhibit A sets forth the details of each of the Transfers, including the transferor Debtor, check or payment number, payment date, clear date, and payment amount. The aggregate amount of the Transfers is not less than $44,491.61.

11. Although it is possible some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).

### First Claim for Relief

### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

12. Plaintiff repeats and realleges the allegations in paragraphs 1 through 11, above, as though fully set forth at length.

13. Within the ninety days prior to the Petition Date, the Debtors made the Transfers to Defendant in the total amount of $44,491.61, as more specifically described in Exhibit A.

14. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

15. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

16. Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternatively, received the Transfers for the benefit of a creditor or creditors of the Debtors.

17. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

18. Each of the Transfers was made while the Debtors were insolvent. The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

19. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

20. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

21. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

### Second Claim for Relief

### (Recovery of Property—11 U.S.C. § 550)

22. Plaintiff repeats and realleges the allegations in paragraphs 1 through 21, above, as though fully set forth at length.

23. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, the Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

24. Defendant is either the (a) initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

25. Subject to the Defendant's potential defenses, the Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

**WHEREFORE,** the Plaintiff prays for judgment as follows:

1. For a determination that each of the Transfers is avoidable as a preferential transfer under Section 547 of the Bankruptcy Code, and that the Plaintiff is entitled to recover the Transfers in the total amount of $44,491.61 under Section 550 of the Bankruptcy Code;

2. For costs of suit incurred herein, including, without limitation, attorneys' fees;

3. For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

4. For such other and further relief as the Court may deem just and proper.

Dated: October 25, 2017            PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ Andrew W. Caine
Robert J. Feinstein (Admitted *Pro Hac Vice*)
Jeffrey W. Dulberg
Andrew W. Caine

*Attorneys for Plaintiff, the Official Committee of Unsecured Creditors*

DOCS_LA:310021.1 29266/002            5

# EXHIBIT A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:310021.1 29266/002

|   | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Freedom Communications, Inc | | | | | | | |
| 2 | Preference Period Payments | | | | | | | |
| 3 | Shedule of Payment Applications | | | | | | | |
| 4 | | | | | | | | |
| 5 | Vendor Name | | | Microsoft Corporation | | | | |
| 6 | Vendor # | | | 117904 | | | | |
| 7 | Check Name | | | MICROSOFT CORPORATION | | | | |
| 8 | | | | | | | | |
| 9 | System Payment Date | Bank Cleared Date | Payment Number | Payment Type | Payment Amount | Invoice Number | Invoice Date | Invoice Amount |
| 10 | 8/7/2015 | 8/12/2015 | 759081 | CITI AP | 14,180.00 | 020^E05000W7A6 | 3/13/2015 | 14,180.00 |
| 11 | | | | | | 020^E05000YZH1 | 4/13/2015 | 14,180.00 |
| 12 | | | | | | | | |
| 13 | | | | | | | | |
| 14 | 9/4/2015 | 9/8/2015 | 760321 | CITI AP | 7,041.61 | 020^E05000YZH1 | 4/13/2015 | 14,180.00 |
| 15 | | | | | | | | |
| 16 | 9/16/2015 | 9/21/2015 | 760767 | CITI AP | 5,180.00 | 020^E050012088 | 5/13/2015 | 14,180.00 |
| 17 | | | | | | | | |
| 18 | 9/22/2015 | 9/25/2015 | 760966 | CITI AP | 3,000.00 | 020^E050012088 | 5/13/2015 | 14,180.00 |
| 19 | | | | | | | | |
| 20 | 9/22/2015 | 9/28/2015 | 760980 | CITI AP | 3,000.00 | 020^E050012088 | 5/13/2015 | 14,180.00 |
| 21 | | | | | | | | |
| 22 | 9/25/2015 | 9/29/2015 | 761183 | CITI AP | 3,000.00 | 020^E050012088 | 5/13/2015 | 14,180.00 |
| 23 | | | | | | | | |
| 24 | 10/7/2015 | 10/13/2015 | 761813 | CITI AP | 7,090.00 | 020^E0500150ZT | 6/17/2015 | 14,180.00 |
| 25 | | | | | | | | |
| 26 | 10/16/2015 | 10/21/2015 | 762294 | CITI AP | 2,000.00 | 020^E0500150ZT | 6/17/2015 | 14,180.00 |
| 27 | | | | | | | E0500150ZT | 12/30/2016 | (5,090.00) |
| 28 | | | | | | | | |
| 29 | Total | | | | 44,491.61 | | | 122,530.00 |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FREEDOM COMMUNICATIONS, INC., ET AL. | **DEFENDANTS**<br>MICROSOFT CORPORATION |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Andrew W. Caine (CA Bar No. 110345)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>P: 310-277-6910; Email: acaine@pszjlaw.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability- §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Deter mi nation of Remove d Act ion**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $44,491.61 |

Other Relief Sought

DOCS_LA:309939.1 29266/002

American LegalNet, Inc.
www.FormsWorkFlow.com

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>FREEDOM COMMUNICATIONS, INC., a Delaware corporation | BANKRUPTCY CASE NO.<br>8:15-bk-15311-MW |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Santa Ana || NAME OF JUDGE<br>Mark S. Wallace |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Andrew W. Caine ||||
| DATE<br>October 25, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Andrew W. Caine<br>PACHULSKI STANG ZIEHL & JONES LLP |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

